Augusta G. Genet, Appellant, v. The President, Managers and Company of the Delaware and Hudson Canal Company, Respondent.

The complaint herein set forth two distinct and separate causes of action, as to one it was dismissed and plaintiff recovered judgment upon the other. By order granted on motion of defendant, its costs were set off against plaintiff's and judgment entered in favor of the latter for the balance only. The judgment against defendant was reversed by this court on appeal and on the remittitur its order was made that of the court below; on motion of defendant in that court, the original judgment was corrected *nunc pro tunc* so as to award each party costs as adjusted. *Held*, that the court below had power thus to amend and thereby restore to defendant the position it would have occupied had the costs not been set off; and that the amendment was proper, it being simply a mode of awarding restitution of costs substantially paid by defendant.

(Argued November 28, 1892; decided December 13, 1892.)

Appeal from order of the General Term of the Supreme Court of the city of New York, made July 5, 1892, which affirmed an order of the Special Term, granting a motion made by defendant to vacate an order setting off costs and amending the judgment so as to make it include costs to which defendant was originally entitled but which were extinguished by a set-off of plaintiff's costs.

*George C. Genet* for appellant. It was not within the power or jurisdiction of the court below to make this order. It could not alter, vary, reverse, or modify the judgment after it had been finally adjudicated upon by the Court of Appeals, including the question of costs in all courts, and final judgment rendered by that court dismissing the complaint. (*Genet* v. *D. & H. C. Co.*, 113 N. Y. 475; *Fisher* v. *Hepburn*, 48 id. 41, 53; *Embury* v. *Connor*, 3 id. 231; *Le Green* v. *Gouverneur*, 1 Johns. Cas. 492; *People* v. *Sturtevant*, 9 N. Y. 275; *Merwin* v. *B. I. Co.*, 56 id. 671; *Wilkins* v. *Earle*, 63 id. 358; *C. E. Bank* v. *Bly*, 119 id. 414; *Draper* v. *Davis*, 102 U. S. 370; *Keyser* v. *Farr*, 105 id. 265.)

The only power or jurisdiction in the matter left to the lower court after the remittitur is filed, is to make it the judgment of that court for the purpose of enforcing it, to enter judgment for the costs of the appeal to the Court of Appeals, or correct a mistake, vacate for irregularity * * *. But it could not do any of these things after the expiration of a year from the time the irregularity was committed. (Code Civ. Pro. §§ 724, 1282, 1290 ; *C. E. Bank* v. *Bly*, 119 N. Y. 414.) The only jurisdiction the court below has over the case after its return, is confined to mistakes apparent upon the face of the record, to make it conform to a verdict or referee's report, etc., which come under the head of irregularities. But as to such no order could be made in this case, because the motion was not made within a year after the judgment was entered. (*C. E. Bank* v. *Bly*, 119 N. Y. 414.) The law of restitution and term itself as used in the law is wholly distinct from and opposed to the order appealed from. (Code Civ. Pro. §§ 1292, 1323 ; *Murray* v. *Bedell*, 90 N. Y. 480 ; *M. Bank* v. *P. Bank*, 102 id. 164.) The stenographer's fees in the absence of the order could not now be taxed if objected to. (*Provost* v. *Farrel*, 17 Hun, 303 ; *Colton* v. *Simmons*, 14 id. 75.) The referee's fees, which were above the amount prescribed by law, could not be taxed in the absence of the order and in the absence of an agreement in writing to that effect signed by both parties or their attorneys. (*F. N. Bank* v. *Tramajo*, 77 N. Y. 476 ; *Chase* v. *James*, 7 Wkly. Dig. 415 ; *Brown* v. *Windmuller*, 36 N. Y Supp. 75 ; *Sheehy* v. *Whitney*, 9 Abb. Pr. 271 ; 16 Hun, 14.)

*Frank E. Smith* for respondent. The court below had power to make the order appealed from. (*Genet* v. *D. & H. C. Co.*, 113 N. Y. 472 ; *Hatch* v. *C. N. Bank*, 78 id. 487 ; *N. Y. I. Co.* v. *N. W. Ins. Co.*, 23 id. 357 ; *T. T. Co.* v. *C., B. & Q. R. R. Co.*, 123 id. 37 ; *Stannard* v. *Hubbell*, Id. 520 ; *Ladd* v. *Stevenson*, 112 id. 325 ; *Sheridan* v. *Andrews*, 80 id. 648.) The right of defendant to recover the costs of the trial as against plaintiff and also the amount

of those costs is not now open to review. (*Bunn* v. *D., L. & W. R. R. Co.*, 48 N. Y. S. R. 106.) The limitations of time contained in sections 724, 1282 and 1290 of the Code have no application. (*Dinsmore* v. *Adams*, 5 Hun, 149; *In re City of Buffalo*, 78 N. Y. 362.) The order in question is not appealable to this court. (*State* v. *County of Kings*, 125 N. Y. 312; *N. Y. I. Co.* v. *N. W. Ins. Co.*, 23 id. 357; *Smith* v. *Rathbun*, 88 id. 660.) The order in question is right upon the merits. (*Marvin* v. *B. I. M. Co.*, 56 N. Y. 671; *Wright* v. *Nostrand*, 100 id. 616; *Carlton* v. *Mayor, etc.*, 19 Wkly. Dig. 354; *Platt* v. *Withington*, 25 Abb. [N. C.] 103; *Haebler* v. *Meyers*, 132 N. Y. 363.)

*Per Curiam.* The complaint in this action stated two separate and distinct causes of action, one at law for the recovery of money only, and the other in equity for an injunction and damages. The action was put at issue and tried before a referee, who after hearing the evidence dismissed the first cause of action on the merits and gave the plaintiff judgment on the second cause of action, with costs. The defendant then moved that the fees of the referee and stenographer be apportioned between the parties, and that the costs of one party when taxed by the clerk, be set off against the costs of the other, and that judgment be entered for the balance only; and the motion was granted, costs of the respective parties were then taxed by the clerk, those of the defendant at $570.44 and those of the plaintiff at $618.67. Thereafter judgment was entered on the referee's report in favor of the plaintiff for his damages and $48.23 the balance of his costs. From the judgment thus entered both parties appealed to the General Term, which affirmed the judgment upon both appeals, without costs. From the judgment of the General Term both parties appealed to this court, and here judgment was rendered as follows: That the judgment so far as appealed from by the plaintiff be affirmed, and the judgment so far as appealed from by the defendant be reversed and the complaint dismissed with costs. Thereafter an order was made in the

Superior Court making the order of the Court of Appeals the order of that court. Thus it turns out that the judgment which gave the plaintiff costs on his second cause of action has been reversed, and he is entitled, therefore, to no costs against the defendant. The judgment, so far as it gave the defendant costs against the plaintiff has been affirmed, but its costs have been applied upon the plaintiff's costs and substantially used to pay his costs, so far as they were sufficient for that purpose. The defendant has now made a motion to correct *nunc pro tunc* the original judgment, so that it will award each party costs as adjusted, and thus that the judgment will give the plaintiff costs for $618.67, and the defendant costs against the plaintiff of $570.44. As the plaintiff's judgment has been reversed the result of the amendment is to restore to the defendant its costs as originally adjusted. It is simply a mode of awarding restitution to the defendant of the costs substantially paid by it to the plaintiff.

We have no doubt of the power of the court below to thus amend its judgment. It had no power to amend the judgment in any matter adjudicated by this court, the decision of this court as to such a matter being final. But the question of costs was not before this court, and did not enter into the adjudication made by it, and the court below retained its power to modify the judgment below as to costs so as to restore the defendant to the position it would have occupied if the costs of one party had not been set off against the costs of the other under the order of that court.

We think the order is right and should be affirmed without costs.

All concur, except PECKHAM and GRAY, JJ., not voting.

Order affirmed.